# United States Court of Appeals
## For the First Circuit

No. 25-1315

JULY R. CARLAN, a/k/a Shape Shifter,

Plaintiff - Appellant,

v.

FENWAY COMMUNITY HEALTH CENTER, INC., UNITED STATES OF AMERICA,

Defendants - Appellees.

On Appeal from the United States District Court
for the District of Massachusetts

**REPLY BRIEF OF PLAINTIFF-APPELLANT, JULY R. CARLAN**

Dated: May13, 2026

MITRA N. FOROUHAR
Appeals Bar No. 1216390
MNF Law
77 Van Ness Ave. Ste 101
PMB 1319
San Francisco, CA 94102
(415) 602-1864
mitra@mnf-law.com
*Lead Counsel*

JULY R. CARLAN
By His Attorneys:

RYAN P. MCLANE
Appeals Bar No. 1185528
McLane & McLane
269 South Westfield Street
Feeding Hills, MA 01030
ryan@mclanelaw.com
*Attorney for Appellant*

## Table of Contents

Table of Authorities ................................................................................................ i

Preliminary Statement ............................................................................................ 1

Argument .................................................................................................................. 2

I. The District Court's decision is Final and Appealable ........................................ 2

II. Facts Alleged by Carlan Support a Claim of Discrimination ............................. 9

III. Misstatements of Carlan's Arguments ............................................................. 10

IV. ACA 1557 does Not Contain an Exception for Personal Injury ...................... 11

V. Canons of Statutory Construction Are Helpful .................................................. 14

      A. The General/Specific Canon ...................................................................... 14

      B. The Clear Statement Rule .......................................................................... 15

Conclusion .............................................................................................................. 18

Certificate of Compliance

# TABLE OF AUTHORITIES

Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) ........................................................ 3

Bankers Tr. Co. v. Mallis, 435 U.S. 381 (1978) ...................................................... 8

Bass v. Swartwood, 2025 WL 3703527 (2d Cir. 2025) ............................................ 6

Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) ............................................ 14

Borne v. A&P Boat Rentals No. 4, Inc., 755 F.2d 1131 (5th Cir. 1985) .................. 6

Bray v. Bon Secours Mercy Health, Inc., 97 F.4th 403 (6th Cir. 2024) .................. 7

Culbertson v. Sec'y of Health & Human Serv.,
    859 F.2d 318, 322-23 (4th Cir. 1988) ............................................................. 8

Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000) .................................................. 15

Cummings v. Premier Rehab Keller, 596 U.S. 212 (2022) .................................... 10

Davidson Bros. Marble Co. v. Gibson, 213 U.S. 10 (1909) .................................... 4

Davis v. United States, 395 F. Supp. 7893 (D. Neb. 1975) ................................... 11

Dep't of Agric. Rural Dev. Rural House. Serv. v. Kirtz, 601 U.S. 42 (2024) ........ 16

Ducoste v. Cherry, 647 F. Supp. 3d 52 (D. Mass. 2022) ........................................ 3

Festa v. Local 3 Int'l Bad. of Elec. Workers, 905 F.2d 35 (2d Cir. 1990) ............. 6

Ford v. Sandhills Med. Found., Inc., 97 F.4th 252 (4th Cir. 2024) ......................... 7

Garcia-Ryan v. community Health Project, Inc.,
    2026 WL 507411 (S.D.N.Y. Feb. 24, 2026) .................................................... 5

Hallstrom v. Tillamook County, 493 U.S. 20 (1989) .............................................. 4

Hine v. D'Artois, 531 F.2d 726 (5th Cir. 1976) ...................................................... 8

i

Hui v. Castaneda, 599 U.S. 799 (2010) ................................................ 2, 12, 13, 14

Huynh v. Sutter Health, 2021 WL 41686057 (E.D. Cal. Sept. 14, 2021) .............. 12

Kontrick v. Ryan, 540 U.S. 443 (2004) ................................................... 3

Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin,
    599 U.S. 382 (2023) ................................................... 2, 13, 16

Lane v Pena, 518 U.S. 187 (1996) .................................................. 17,18

Lesley v. Chie, 250 F.3d 47 (1st Cir. 2001) ........................................... 1, 9

Murphy v. United States, 45 F.3d 520 (1st Cir. 1995) ............................... 3

Muzikowski v. Paramount Pictures, Corp., 322 F.3d 918 (7th Cir. 2003) .............. 7

North American Butterfly Ass'n v. Wolf, 977 F.3d 1244 (D.C. Cir. 2020) ............. 8

O'Brien v. United States, 155 F.4th 50 (1st Cir. 2025) ............................... 7

Rodriguez-Ramos v. Southeast Health Sys.,
    800 F. Supp. 3d 289 (D. Mass. 2025) ........................................... 2

Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16 (1st Cir. 1993) ............... 2

Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956) ............................. 6

Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998) ..................... 4

S.L. by and through D.L. v. City Hospital, Inc.,
    377 F. Supp. 3d 626 (N.D. W. VA 2019) ....................................... 9

United States v. Smith, 324 F.2d 622 (5th Cir. 1963) ............................... 11

Welch v. Folsom, 925 F.2d 666 (3d Cir. 1991) ...................................... 8

**STATUTES**

28 U.S.C. § 1346(b) ...................................................... 4,10, 11

28 U.S.C. § 1658(a) ................................................................................ 7

28 U.S.C. § 2401(b) ................................................................................ 7

28 USC § 2675(a) ................................................................................... 2

42 U.S.C. § 233(a) ........................................................................... *passim*

42 U.S.C. § 18116 ........................................................................... *passim*

## RULES AND REGULATIONS

Fed R Civ P § 12(h)(3) ........................................................................ 1, 3

Fed R Civ P § 54(b) ............................................................................... 6

Fed R Civ P § 58 .................................................................................... 6

Fed R App P § 4(a)(7) ............................................................................ 6

45 CFR § 92.3 ...................................................................................... 13

89 Fed. Reg. 37522 (May 6, 2024) ...................................................... 13

## ACTS

Federal Tort Claims Act (FTCA) ..................................................... *passim*

Patient Care and Affordable Care Act (ACA) .................................. *passim*

Rehabilitation Act ............................................................................... 17

Westfall Act .................................................................................... 13, 14

## OTHER AUTHORITIES

Antonin Scalia & Bryan Garner,
    Reading Law: The Interpretation of Legal Texts (2012) ............................. 15

Black's Law Dictionary (12th ed. 2024) .................................................................. 7

iii

**Preliminary Statement**

The Defendants-Appellees went to the orchard and picked the sweetest cherries and left behind the sour ones. However, to properly evaluate the orchard all cherries must be taken together.

There was no "ongoing lawsuit," as claimed by United States, subsequent to the District Court's dismissal and substitution order. U.S. Br. 16, 23. The District Court's order effectively terminated Carlan's sole claim and divested the Court of its jurisdiction over the action. It was already evident at the time of the order that the District Court would not have jurisdiction over a claim by Carlan under the FTCA, and the Court committed error of law when it reserved judgment on the issue of exhaustion and jurisdiction. Fed. R. Civ. P. § 12(h)(3).

Discriminatory medical judgement and negligent medical judgement are distinct wrongs. The former requires an examination of the actor's motives and reasons while the latter requires a determination of whether the harm was caused by the actor's negligent conduct. Carlan has alleged sufficient facts to satisfy the the test of reasonableness pronounced by the First Circuit for distinguishing discriminatory medical judgment from medical malpractice in <u>Lesley v. Chie</u>, 250 F.3d 47, 55 (1st Cir. 2001).

United States acknowledges that ACA 1557 provides a private right of action and applies to Fenway. However, it argues, without citing any authority, that if the plaintiff seeks "damage for personal injury" caused by medical care, then the claim

1

must be brought under Section 233. U.S. Br. 37. If Congress had intended such an exception, it would have stated it in Section 18116. Hui v. Castaneda, 599 U.S. 799, 806-807(2010).

Both the applicability and the enforcement clauses of Section 18116  are clear and unequivocally apply to Fenway. When there is no other plausible interpretation, Congress intended to waive any purported immunity. Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin, 599 U.S. 382, 388 (2023), aff'g, 33 F.4th 600 (1st Cir. 2022).

## ARGUMENT

## I. The District Court's Decision is Final and Appealable

Exhaustion of administrative remedies is a jurisdictional requirement. 28 U.S.C. § 2675(a). Rodriguez-Ramos v. Southeast Health Sys., 800 F. Supp. 3d 289, 293-94 (D. Mass. 2025) (citing Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18 (1st Cir. 1993). Carlan had not satisfied administrative remedies.

Fenway, in its Motion to Dismiss and to Substitute the United States as Defendant and its Memorandum in support of that Motion, Dkt. 10, 11, alleged that Carlan had not exhausted administrative remedies and moved "to substitute the United States as party defendant and/or dismiss the claims against it for lack of subject matter jurisdiction due to failure to exhaust" administrative remedies. Carlan had notice of this motion and the opportunity to oppose the argument, but Carlan did not refute Fenway's jurisdictional challenge and did not meet his burden

2

of establishing jurisdiction under the FTCA. The District Court disregarded those facts.

United States makes much of the District Court reserving judgment on the issue of exhaustion of administrative remedies and seeking a briefing on the issue from United States on the issue of exhaustion subsequent to its order of dismissal and substitution. U.S. Br. 12, 16. The District Court committed two errors of law in that action.

First, in cases involving sovereign immunity, such as FTCA actions, the plaintiff has the burden of establishing jurisdiction, <u>Ducoste v. Cherry</u>, 647 F. Supp. 3d 52, 54-55 (D. Mass. 2022) (<u>citing</u> <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995), and the Court erred by looking to United States to provide support for its jurisdiction.

Second, Fenway had already put the Court and Carlan on notice of the FTCA jurisdictional deficiency, and Carlan did not take his opportunity to oppose it. "Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506-07 (2006) (quoting <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455 (2004)).

It was evident that Carlan had not met his burden of establishing jurisdiction, and the District Court erred when it did not comply with Fed. R. Civ. P. § 12(h)(3) at the time it ordered substitution and dismissal. "In a long and venerable line of

3

cases, [the Supreme Court] has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit." Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 84 (1998) (citations omitted).

The District Court's reservation of judgement on the issue of exhaustion, and "dismissal with leave to refile .... [did not] serve any purpose other than creation of an additional procedural technicality." See generally Hallstrom v. Tillamook County, 493 U.S. 20, 31-32 (1989). Technicalities cannot be used to manufacture or expand jurisdiction. When an action of the court is inconsistent with the scope of its jurisdiction, that act is "invalid." See Davidson Bros. Marble Co. v. Gibson, 213 U.S. 10, 11 (1909).

United States argues that giving Carlan leave to "amend" without a deadline meant that "a lawsuit already existed by virtue of the substitution order." U.S. Br. 23. But, Carlan's claim could not carryover to a case against the United States, because violation of a Federal statute cannot be asserted under the FTCA. 28 U.S.C. 1346(b). Carlan would have to initiate a new lawsuit by submitting a Complaint that asserts a new claim, with restructured facts to satisfy with state malpractice law, establish jurisdiction, and satisfy the statute of limitations under an entirely different provisions of law, and again, Carlan could not satisfy the jurisdictional requirements of a lawsuit against United States. Existence of a lawsuit must be real and not theoretical.

4

United States' reference to Letter Motion to Expedite Entry of Final Judgment in the case of Garcia-Ryan v. Community Health Project, Inc., No. 1:24-cv-7117 (S.D.N.Y. Mar. 31, 2026), Dkt. 4, is unhelpful to its cause. The structure of the two courts' orders and the local ECF system rules in Garcia-Ryan and Carlan are significantly different.

In Garcia-Ryan, the district court stated that subsequent to dismissal and substitution, the court lacks subject matter jurisdiction over Garcia-Ryan's claim of discrimination because the claim is not "permissible under the FTCA," and also over the speculative claim under Section 233 because Garcia-Ryan had not alleged that he had exhausted his administrative remedies. The court made this determination of its own initiative. The court applied the general rule that the plaintiff has the burden of establishing jurisdiction, and Garcia-Ryan had not met his burden. The court went on to dismiss the defendant, substitute the United States, and dismiss the plaintiff's sole claim of discrimination, for lack of subject matter jurisdiction, without prejudice. Garcia-Ryan v. community Health Project, Inc., 2026 WL 507411, *6 (S.D.N.Y. Feb. 24, 2026). The court also provided the plaintiff with 30 days to refile his complaint presumably to initiate a case under state malpractice laws and establish jurisdiction under the FTCA, or face dismissal of the action upon expiration of that period. Id. The order in Garcia-Ryan is structurally clear, complete, and correct as to all aspects. Upon dismissal and substitution, the court essentially disengaged itself from the case but for ministerial

acts, while providing the plaintiff a defined opportunity to establish jurisdiction and to initiate a different lawsuit against the United States.

In the Second Circuit, a decision automatically becomes final and appealable upon the expiration of the period of leave to amend. Bass v. Swartwood, 2025 WL 3703527, *1 (2d Cir. 2025) (citing Festa v. Local 3 Int'l Bad. of Elec. Workers, 905 F.2d 35, 36-37 (2d Cir. 1990)). However, if a final judgment has not been entered in the docket, the ECF system for the Southern District of New York redirects the filer to the interlocutory appeal option on the filing menu. Thereby, the local ECF system compels the filer to seek entry of a final judgment.

Lack of a Rule 58 separate entry is not dispositive in determining finality. Fed. R. App. P. § 4(a)(7)(B).

Rule 54(b) "does not apply to a single claim action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956).

United States relies on Borne v. A&P Boat Rentals No. 4, Inc., 755 F.2d 1131 (5th Cir. 1985) to characterize the instant case as multi-party, U.S. Br. 20, but unlike the instant case, the intervenor in Borne had a claim of his own relating to the controversy before the court, and that claim had not been resolved by the District Court.

United States argues that the instant action was a multi-party action and the order the District Court had not yet determined its liabilities. U.S. Br. 20, 24. Liability is a broad legal term that encompasses a variety of passive, active, and

6

contingent obligations. While the United States has an obligation under the FTCA to defend Fenway against claims of personal injury, its obligation did not ripen into a liability in Carlan's case,[1] because Carlan could not and did not seek to enforce this obligation. The cases relied on by United States, U.S. Br. 21, are not analogous. The cases cited by United States: O'Brien v. United States, 155 F.4th 50 (1st Cir. 2025); Ford v. Sandhills Med. Found., Inc., 97 F.4th 252 (4th Cir. 2024); Bray v. Bon Secours Mercy Health, Inc., 97 F.4th 403 (6th Cir. 2024); involved removal of action from state court to federal court, and claims that could carry over, including their supporting factual allegations and the applicable law, after the substitution order.

In this case, no claim survived the substitution order and Carlan could not successfully refile under the FTCA. Furthermore, actions under the FTCA are subject to a shorter statute of limitations than actions under the ACA which can bar Carlan's administrative claim under the FTCA.[2] No liability can exist when the original claim could not be carried over and the speculative claim could not be asserted. A district court's decision is rendered final if a new rendition of the claim would be futile. Muzikowski v. Paramount Pictures, Corp., 322 F.3d 918, 923 (7th

---

[1] Liability and duty are not synonymous. Black's Law Dictionary 1095 (12th ed. 2024).

[2] Claims under the FTCA are subject to a 2 year statute of limitations, 28 U.S.C. § 2401(b), while actions under ACA 1557 are subject to a 4 year statute of limitations. 28 U.S.C. § 1658(a). JA 42-43, ¶¶ 205-210.

7

Cir. 2003). (Dismissal without prejudice was final when any new claim would be time barred). Culbertson v. Sec'y of Health & Human Serv., 859 F.2d 318, 322-23 (4th Cir. 1988) (District Court's order remanding plaintiff's claim to agency was final and appealable, because the claimant had "no real likelihood of prevailing" before the agency.) Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (Alito, J.) (Order of dismissal is final when the defect cannot be cured).

A "practical construction requires that when a plaintiff's action is effectively dead, the order which killed it must be viewed as final. Effective death should be understood to comprehend any extended state of suspended animation." Hine v. D'Artois, 531 F.2d 726, 730 (5th Cir. 1976).

The District Court's order dismissing Fenway effectively dismissed Carlan's sole claim and also terminated the Court's jurisdiction over the entire action, but for ministerial acts. Carlan's action was effectively terminated on merit, and the decision below is final and appealable.

Recognizing the finality of the Court's decision does not contradict the policy against piecemeal litigation because no claim remains pending in the District Court that could be litigated and appealed. Returning this case to the District Court on finality grounds would not serve the interests of judicial economy. "Wheels would spin for no practical purpose." North American Butterfly Ass'n v. Wolf, 977 F.3d 1244, 1257 (D.C. Cir. 2020) (quoting Bankers Tr. Co. v. Mallis, 435 U.S. 381, 385 (1978)).

8

## II. Facts Alleged by Carlan Support a Claim for Discrimination

In their recitation of facts, Defendants-Appellees focus on the harm suffered by Carlan while disregarding Fenway's state of mind, but courts routinely evaluate a defendant's motive and state of mind in differentiating between a claim for negligent care and discriminatory care. See, e.g., S.L. by and through D.L. v. City Hospital, Inc., 377 F. Supp. 3d 626 (N.D. W. VA 2019).

Fenway had historically followed the generally accepted clinical guidelines that contained a number of safety measures, but in or about 2006, it *knowingly* removed those safety measures, including the one that called for an assessment of the patient's comfort with his sexual orientation. JA 13-14, ¶34-37. Fenway's decision to disregard these safety protocols was not supported by any scientific finding, but was motivated by business expansion plans. JA8, ¶2. Lack of scientific support for Fenway's decision reveals an apathetic attitude toward the safety of same-sex attracted persons. Fenway's decision and its subsequent application in the care of Carlan was objectively unreasonable and caused irreparable harm.

The First Circuit has ruled that unreasonableness can be shown when it is "framed within a larger theory of .... discrimination. For example, a plaintiff may argue that her physician's decision was so unreasonable in the sense of being arbitrary and capricious as to imply that it was a pretext for some discriminatory motive, such as animus, fear, or "apathetic attitudes." Lesley, 250 F.3d at 55.

9

Missing from the First Circuit's criteria is an inquiry into whether the plaintiff suffered bodily injury.

Fenway's conduct satisfies the test set forth by the First Circuit. Fenway's knowing decision to disregard generally accepted safety protocols was "arbitrary and capricious" and the application of that decision in Carlan's care shows an "apathetic attitude" toward Carlan's safety.

Ignoring the Supreme Court's ruling in Cummings, United States also argues that seeking compensatory damages, as Carlan does, is an indicia that his action is for personal injury such as medical malpractice. U.S. Br. 28. In Cummings v. Premier Rehab Keller, 596 U.S. 212, 221 (2022), the Supreme Court ruled that compensatory damages are exactly the type of damages that are available to plaintiffs suing for discrimination under a Spending Clause statute, such as ACA 1557.

### III. Misstatements of Carlan's Arguments

United States has repackaged the general/specific canon in a rather incoherent and disorderly way and attributed it to Carlan. U.S. Br. 35-6.

Reference to canons of statutory construction are neither relevant nor necessary, and Carlan did not apply them in support of his assertion that claims under Federal statutes are outside the scope of Section 233, that rule can be easily inferred from the statute itself. Section 233 explicitly states that "[t]he remedy against the United States provided by Section 1346(b) ..... shall be exclusive of any

10

other civil action ....." Section 1346(b) limits the district courts jurisdiction to claims for injury that arise "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." It is long established by the courts that "law of the place" means "law of the state." <u>Davis v. United States</u>, 395 F. Supp. 7893 (D. Neb. 1975) <u>aff'd</u> 536 F.2d 758 (8th Cir. 1976) (breach of duty under the Occupational Safety and Health Act cannot create jurisdiction under the FTCA). <u>United States v. Smith</u>, 324 F.2d 622, 624-25 (5th Cir. 1963). (The FTCA "simply cannot apply where the claimed negligence arises out of the failure … to carry out a [federal] statutory duty...") Pl. Br. 29.

Carlan did not argue that Section 233 contains an exception for claims under ACA 1557, U.S. Br. 36, and the pages of Pl. Br. cited are perplexing. In the context of the general/specific canon, Carlan argued that Section 233 is a general statute relative to Section 18116, and thus cannot derogate from Section 18116, and to the extent there is an overlap, Section 18116 by its operation creates a narrow exception to Section 233 for discriminatory conduct. Pl. Br. 19, 31.

**IV. ACA 1557 Does Not Contain an Exception for Personal Injury**

United States has acknowledged that ACA 1557 provides a private cause of action and applies to Fenway, but urges recognition of an exception for cases that seek "damages for personal injury" resulting from medical care, because such actions are within the scope of Section 233. U.S. Br. 37. First, as discussed in the

11

pervious section compensatory damages are expressly authorized by the Supreme Court for claims of discrimination. Second, reading an exception for personal injury would be incompatible with the acknowledgment that Fenway is bound by ACA 1557 and thus subject to its enforcement mechanism. As Fenway has argued, discrimination is a sub-type of personal injury and courts have determined that violation of a state anti-discrimination statute is within the scope of Section 233. See, e.g., Huynh v. Sutter Health, 2021 WL 41686057, at *3 (E.D. Cal. Sept. 14, 2021). Fenway Br. 15. The term personal injury encompasses any imposition on a personal right and would swallow discrimination. On what basis in law, would discrimination under Section 233 be differentiated from discrimination under Section 18116? (but for the fact that Section 18116 is a Federal statute)

If Congress had intended to exclude from the scope of Section 18116 a class of persons or conduct that are covered by Section 233, such as FQHCs, or a sub-category of discriminatory conduct, it would have created that exception in the statute. The opening clause of Section 18116(a) excepts entities covered by Title I of the ACA (e.g., insurance Exchanges and state Marketplaces) from the application of the statute, but says nothing about the PHSA. Furthermore, Section 18116(b) addresses "continued application of laws," and is notably silent on the application of Section 233. If Congress wanted to carve out Section 233 from the scope of Section 18116, it would have done so. That interpretation is consistent with the Supreme Court's analysis in Hui. In that case, the Supreme Court

12

compared the language of the Westfall Act to Section 233 which use nearly identical exclusivity language, but unlike Section 233, the Westfall Act includes an explicit exception for constitutional claims. The Court reasoned that this showed Congress knew how to make an exception if it wanted to and chose not to do so for Section 233. Hui, 599 U.S. at 806-807.

In addition, the HHS regulations issued under the authority of Section 18116(c) do not create any exceptions from the scope of ACA's coverage of FQHCs or for acts that may be within Section 233. The section on "relationship to other laws" makes no mention of Section 233 or the FTCA. 45 C.F.R. § 92.3. The regulations, in the comment and response section, recognize that ACA 1557 creates a private right of action without noting any exceptions. 89 Fed. Reg. 37522, 37529 (May 6, 2024).

Excepting persons or conduct covered by Section 233 from the enforcement mechanism of ACA 1557 would defeat the application of the statute to an entire class of entities that are covered by the statute, and violate the presumption against ineffectiveness. The Supreme Court has warned that creating exceptions "risks upending the policy choices that the Code embodies...[when] there is no indication that Congress meant to categorically exclude certain [entities] from these provisions' enforcement mechanism." Lac du Flambeau, 599 U.S. at 391. The enforcement mechanism of Section 18116 unambiguously authorizes a private right of action "for purposes of violations of this subsection."

13

## V. Canons of Statutory Construction Are Helpful

The core of this controversy is that Fenway argues that its conduct alleged by Carlan is within the scope of Section 233 while Carlan argues that Section 18116 is the relevant statute. Thus, the statutes need to be examined for their plain meaning, purpose, and scope to determine which statute governs Carlan's action.

A. The General/Specific Canon

In Hui, the Supreme Court carried out a general/specific analysis. For example, the Court stated that Section 233 is more "comprehensive" than the Westfall Act, and that the Westfall Act, which applies to the broad category of Government employees, does not affect the immunity provided in Section 233 because that would mean "an implied repeal of a more *specific* provision." (Emphasis added). In other words, the general provision cannot be applied to swallow the specific statute because that would effectively nullify the more specific statute. Similarly, if discrimination under Section 18116 is subsumed into personal injury under Section 233, the ACA would be rendered ineffective as to covered entities such as Fenway.

The Supreme Court also recognized that a Bivens[3] action provides a *general* remedy, and it may not be asserted against a person who is immune, Hui, 599 U.S.

---

[3] In Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), the supreme Court held that individuals can sue federal officers for money damages for violation of certain constitutional rights when there is no alternative remedy, thus recognizing an implied right of action for violations of certain Constitutional rights.

14

at 807, ostensibly, because the alleged wrongful conduct is within the scope of the more specific and immunizing provision of law, that is Section 233. Id. at 808. Similarly, in Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000), the first case that held Section 233 forecloses Bivens actions, the Second Circuit found that Section 233 and the FTCA "explicitly" provide an "alternative remedy" to a Bivens action. Id. at 108.

The application of the general/specific canon does not lead to repeal by implication as Defendants-Appellees have argued, U.S. Br. 39-40, Fenway Br. 19-20. To the contrary, the application of the canon "does not mean that the existence of a contradictory specific provision voids the general provision. Only its application to cases covered by the specific provision is suspended; it continues to govern all other cases." Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 184 (2012).  In this way, both statutes are given effect based on their context.

B. The Clear Statement Rule

Fenway is not a sovereign entity and its immunity is limited to conduct that is covered by Section 233. Assuming *arguendo* that Fenway could claim immunity from the enforcement mechanism of ACA 1557, the clear statement rule would foreclose that argument.

Fenway argues that the cases cited by Carlan apply the clear statement rule to statutes that expressly waive immunity. Fenway Br. 22-23. That is a

15

perplexingly oversimplified reading of Supreme Court opinions that meticulously analyzed statutory language and carefully explained the operative rules. In those cases. The Supreme Court did not simply rely on the explicit waiver of the applicability clause of the statutes in question, but rather the Court closely examined the  wording of the statutes' enforcement clause for intention to waive immunity of a particular entity for damages.

In Lac du Flambeau, the Bankruptcy Code explicitly waived the immunity of a "capacious" list of governmental entities, but did not enumerate Indian tribes. The Supreme Court found that the catch-all clause "other foreign or domestic government" waived the immunity of Indian tribes by its "all-encompassing scope." Id. at 388-89. The Supreme Court stated that to waive immunity "Congress need not state its intent in any particular way," and that abrogation can be ascertained from the language of the statute "applying the traditional tools of statutory interpretation." Id.

In Kirtz, the Supreme Court found that the Fair Credit Act which authorizes suit for damages against "any person" who violates the Act applied to the Government because the definition section of the Act defined "person" to include "any .... governmental... agency." Dep't of Agric. Rural Dev. Rural House. Serv. v. Kirtz, 601 U.S. 42, 42-43 (2024). The Court rejected the argument that a separate waiver of immunity was necessary to authorize a cause of action for damages. Id. at 43-44.

16

The case of <u>Lane v Pena</u>, 518 U.S. 187 (1996) examines the Rehabilitation Act of 1973 and is more similar to the law in the case at hand. James Lane, a cadet at the Merchant Marin Academy[4] was terminated on the ground of his recent diagnosis of diabetes. He sued the Academy under the Rehabilitation Act and sought reinstatement and compensatory damages.

Section 504(a) of the Rehabilitation Act prohibits discrimination on the ground of disability by "any program or activity receiving Federal financial assistance ... under an any program or activity conducted by an Executive agency...." This language is nearly identical to the language of the applicability clause of ACA 1557. The District Court for the District of Columbia found that the Academy is bound by the Act's prohibition on discrimination on the ground of disability, and ordered the Academy to reinstate Lane.

The Government did not challenge the reinstatement order, but claimed that it is immune to suit for damages. The Supreme Court agreed. The reasoning and analysis of the Supreme Court in arriving at that conclusion is instructive for the case at hand and supports Carlan's position.

The relevant enforcement provision contained in Section 505(a)(2) of the Rehabilitation Act, uses the term "Federal provider of such assistance" and makes no mention of a program or activity conducted by an Executive Agency. Although,

---

[4] The Academy is administered by the United States Maritime Administration, an agency of the Department of Transportation.

17

the Court remarked that this mismatch in the wording of the applicability and enforcement clauses was "somewhat bewildering," it was compelled to find that the term "Federal provider" lacked the necessary clarity and precision to waive immunity for damages. Lane, 518 U.S. at 196. The Supreme Court explained that if Congress intended to waive immunity for damages it would have used a "sweeping" language like that of Section 505(a)(1) that authorizes suit for damages for "any complaint" under Section 791 of the Act, Id. at 193-94, which applies to "employment of individuals with disabilities" by Government.

The instructive point is that the Supreme Court identified the term "any complaint" as clear and precise enough to waive immunity. The reference point for the Court in this analysis was the language of the statute and not the applicability of Section 791 to the Federal government.

The enforcement provision of ACA 1557 is similarly broad and "sweeping." Its application focuses on violations instead of actors. Section 18116(a) provides: "The enforcement mechanisms provided for and available under such .... title IX .... shall apply for purposes of violations of this subsection." The phrase " for purposes of violations of this subsection" is similar to the phrase "any complaint" under this Section; it is clear and "sweeping."

**Conclusion**

The District Court committed error of law when it reserved judgment on the issue of exhaustion because it was evident that the dismissal and substitution order

18

would effectively terminate the Court's jurisdiction, but for ministerial acts. The Court's dismissal order was final and appealable and the Court of Appeals has jurisdiction.

Carlan's claim is within the scope of Section 18116 because he has alleged sufficient facts to meet the test for distinguishing discriminatory medical judgment from negligent judgment.

Section 18116 is a clear and complete statute and unequivocally applies to Fenway in its entirety.

Respectfully submitted,

JULY R. CARLAN

May 13, 2026

By and through his attorneys,

/s/Mitra N. Forouhar
Mitra N. Forouhar
Appeals Bar No. 1216390
MNF Law
77 Van Ness Ave. PMB 1319
San Francisco, CA 94102
(415) 602-1864
mitra@mnf-law.com
*Lead Counsel for Plaintiff*

/s/Ryan P. McLane
Ryan P. McLane
Appeals Bar No. 1185228
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(413) 789-7771
ryan@mclanelaw.com

19

20

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the Brief of July Carlan complies with the type limitations in Rule 32(a)(5) and the word limitation set forth in Rule 32(a)(7)(B)(ii) of the Federal Rules of Appellate Procedure. The Brief has been prepared in a 14 point Times New Roman typeface and consists of 4,698 words.

<u>/s/Mitra N. Forouhar</u>
Mitra N. Forouhar
Appeals Bar No. 1216390